```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
              MACON DIVISION
```

| CLEAVON LAMAR BATTLE, | |
|---|---|
| Plaintiff | |
| VS. | NO. 5:09-CV-81 (CAR) |
| TOMMIE L. EDWARDS, | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendant | BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is defendant Tommie L. Edwards' motion seeking dismissal. Tab #18. Therein, the defendant contends that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Cleavon Lamar Battle failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The undersigned ordered and directed the plaintiff to file a response to the motion. Tab #19. The plaintiff timely filed a response (Tab #20) to which the defendant replied (Tab #21). The motion is now ripe for review.

**FACTUAL BACKGROUND**

In his complaint, plaintiff Battle alleges that on November 27, 2008, while incarcerated in Scott State Prison, he was violently and unlawfully assaulted by the defendant Tommie Edwards. More specifically, he claims that, several minutes after he had been caught and written up for violating the prison's smoking policy, the defendant choked him, kicked him in the stomach, and attempted to push him down some stairs. This assault allegedly took place immediately prior to and during the time that he was being moved to isolation. Plaintiff avers that on the following day, he completed and attempted to submit a grievance concerning the alleged assault to counselor Tawanda Basley. According to plaintiff, when he handed the grievance to Basley, she read it and then exclaimed "you better get that out my face!" Curiously, the plaintiff does not say whether the grievance was returned to him or retained by counselor Basley. As a result of the above assertions, plaintiff Battle seeks an undetermined amount of "monetary damages both punitive and declaratory" as well as "monetary damages [for] pain and suffering and mental anguish." In response, the defendant filed an answer and the instant motion seeking dismissal.

# **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## DISCUSSION

As noted above, defendant Edwards seeks dismissal of this action based upon the affirmative defense of failure to exhaust administrative remedies. In support of this request, and in addition to a brief, he has submitted the affidavits of Tawanda Basley, Jodi Braddock, Enrique Stevenson, and Pat Daniel as well as a record of the plaintiff's grievance history, copies of various Georgia Department of Corrections Standard Operating Procedures, several documents containing the plaintiff's acknowledgment that he understood the grievance policy, and various other Georgia Department of Corrections checklists and procedures. Relying upon these documents, the defendant avers that, despite being well versed in the prison's grievance procedures, plaintiff Battle did not submit any grievance involving an alleged assault. Moreover, and in direct opposition to the plaintiff's version of events, the defendant contends that Tawanda Basley was not even present at the facility on November 28, 2008 — the day she allegedly refused to accept or process the plaintiff's grievance.

In response to the defendant's motion, and without directly addressing the defendant's arguments, the plaintiff states, *inter alia*, that he "feels due to Ms. Basley did not allow my access to the courts by not turning in my grievance to protect Sgt. Edwards for assaulting me her actions was retaliatory." He then goes on to discuss the disciplinary action taken against him for smoking as well as a series of miscellaneous complaints and a plea for the court not to deny him justice.

Upon a review of the record in this case, and in accordance with the legal standards set forth above, the undersigned finds that the plaintiff did not, on November 28, 2008 or any other date, submit an informal grievance concerning the alleged assault described in his complaint. By extension, therefore, it appears that he failed to exhaust his available administrative remedies prior to filing this action.

Accordingly, and because plaintiff Battle's case is not properly before the court, it should be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 27th day of APRIL, 2010.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE